CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

JUL 2 9 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
**Harrisonburg Division**

| | |
|---|---|
| **RORY J. CUTAIA,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| **v.** | )   Civil Action No. 5:11Cv00077 |
| | ) |
| **RADIUS ENGINEERING INTERNATIONAL INC.,** | ) |
| | ) |
| Serve:   **Linda Spiller, Registered Agent** | ) |
| **10 Ferry Street 416** | ) |
| **Concord, New Hampshire 03301** | ) |
| | ) |
| **and** | ) |
| | ) |
| **GREEN EYE TECHNOLOGY, LLC** | ) |
| | ) |
| Serve:   **Virginia Professional Services, LLC** | ) |
| **Registered Agent** | ) |
| **3850 Gaskins Road, Suite 120** | ) |
| **Richmond, Virginia 23233-0000** | ) |
| **(County of Henrico, Virginia)** | ) |
| | ) |
| *Defendants.* | ) |

## COMPLAINT

Plaintiff, Rory J. Cutaia, by counsel, files his Complaint against Radius Engineering

International Inc., and Green Eye Technology, LLC, and states as follows:

## Parties

1.     Rory J. Cutaia ("Cutaia") is an individual citizen of the Commonwealth of Virginia, and owns certain real property located in the County of Augusta, Virginia.

2.     Radius Engineering International Inc., ("Radius") is a corporation originally organized pursuant to the laws of the State of New Hampshire as Radius Engineering Inc. By an Article of Amendment to the Articles of Incorporation adopted April 17, 2006, Radius Engineering Inc., changed its name to Radius Engineering International Inc. From time to time, Radius Engineering International Inc., conducts business as Radius Engineering Inc. Radius has its current principal office located at 11250 E. U.S. Highway 80, Terrell, Texas, 75161.

3.     Green Eye Technology, LLC ("Green Eye"), is a limited liability company formed pursuant to the laws of the Commonwealth of Pennsylvania, with its principal office located at 29 Village Drive, Feasterville, Pennsylvania, 19053-0000. Based upon information and belief, Cutaia alleges that the citizenship of all of the members of Green Eye is that of the Commonwealth of Pennsylvania or states other than the Commonwealth of Virginia.

## Jurisdiction and Venue

4.     This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332(a) (2011), because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and arises between citizens of different states.

5.     Venue is properly laid in this Court pursuant to 28 U.S.C. §1391(a) (2011), because a substantial part of the events or omissions giving rise to this claim arose in the County of Augusta, Virginia, and within the judicial district of this Court.

**<u>Allegations Common to All Counts</u>**

6.     Radius manufactures so-called underground "Weapons of Mass Destruction" (WMD) shelters, specifically designed and developed to protect people during and after disasters such as tornadoes, hurricanes, earthquakes, storms, forest fires, power failures, nuclear power plant accidents, nuclear/chemical terrorism, and full-scale protracted nuclear, biological and chemical war.  Radius markets its underground shelters as totally self-contained structural fiberglass high-pressure structures, that include fiberglass structure and entranceway, fiberglass/composite hatch, Multiple Chamber Air Filtration System, fiberglass septic tank, water, tank, fiberglass battery housing, 12-volt deep cycle batteries, all wiring and all plumbing, among other features.  Radius promotes that it has been issued a so-called "Certificate of Conformity" by the United States Underground Engineering Association (USUEA), and has been certified by the United States Department of Homeland Security.

7.     Green Eye is a business focusing on the installation of so-called "human survival systems."  Pursuant to an agreement and understanding between Radius and Green Eye, Green Eye is the exclusive nationwide distributor and installer of Radius underground shelters.  In the installation of Radius underground shelters, Green Eye operates pursuant to the training, approval,

and direction provided by Radius to Green Eye.  Based upon information and belief, George L. Welhaf, Jr., a member of Green Eye, is currently or has been a member of the Board of Directors of Radius.

8.    On the morning of September 11, 2001, Cutaia was working at his office in New York, New York, near the World Trade Center when two hijacked commercial airplanes crashed into the North and South Towers of the World Trade Center causing the death of thousands of civilians, most of whom were citizens of the United States.  Cutaia personally witnessed the deaths and destruction caused by the impact of the airplanes and the resultant collapse of the buildings.  Cutaia's experience on September 11, 2001, produced a profound impact on his desire and motivation to secure and protect his family from future disasters and occurrences of terrorism.

9.    Green Eye markets and advertises Radius underground shelters as "totally self-contained shelters" designed to protect from 4 to 4,000 people from natural disasters and terrorism, including nuclear, biological and chemical incidents.  Green Eye promotes the need for underground shelters with the slogan, "The Future Belongs To Those Who Plan."

10.   Cutaia contacted Radius seeking information about an underground shelter.  Radius referred Cutaia to Green Eye, and Green Eye arranged for Cutaia to travel to Pennsylvania to inspect a sample Radius underground shelter.  In Pennsylvania, Cutaia was met by Walton McCarthy, the President of Radius, and George L. Welhaf, Jr., a Member of Green Eye and a member of the Board of Directors of Radius.  By providing Cutaia with an opportunity to inspect

the sample Radius underground shelter, Radius and Green Eye both represented that any Radius underground shelter purchased by Cutaia would have similar structural integrity and functionality.

11.   Radius produced and Green Eye provided Cutaia with an "Ethos WMD Underground Community Preliminary Brief Report," dated October 25, 2008 (the "Preliminary Report"). The Preliminary Report identified the "project" as "developing an underground shelter system to protect approximately 75 to 250 people from NBC [nuclear/biological/chemical] effects and provide a long term living environment during a time when the general population may be suffering from direct weapon effects and/or starvation and lack of common community services due to a lack of electricity as a result of a high altitude EMP [electromagnetic pulse] attack." The proposed Ethos Underground Community was designed "to provide a relatively normal life style for more than one year while operating off the grid and completely independent of any local community services."  Radius and Green Eye represented that a center Earthcom Dome, an entranceway, three (3) so-called CAT shelters, and up to twelve tunnels could be constructed in eighteen (18) weeks.  Green Eye represented that after the installation of the Earthcom Dome, each CAT shelter could be installed in approximately three (3) days.

12.   As a result of the meeting in Pennsylvania, Cutaia understood that Radius and Green Eye were working jointly and collectively as business partners in an enterprise engaged in the manufacture, sale, and installation of Radius underground shelters.  Cutaia expected to enter into a single contractual relationship with Radius and Green Eye jointly for the acquisition and installation of a Radius underground shelter.  However, despite all representations by Radius and

Green Eye that they would be working jointly as a singular entity to provide Cutaia with the acquisition and installation of a Radius underground shelter, Cutaia was surprised when presented with two separate proposed contracts from Radius and Green Eye, respectively.

13.    In 2008, Cutaia entered into an oral contract with Radius for the manufacture and assembly of an Ethos WMD Underground Community consisting of the following structural components:

- one (1) Earthcom Dome 60 with three (3) connector ports;
- one (1) Earthcom Dome 60 foundation pan;
- one (1) composite re-bar for foundation pan;
- one (1) CAT-25 Luxury Mode (Living Pod);
- one (1) CAT-25 Generator Pod; and
- three (3) connector tunnels.

The initial total purchase price for the Ethos WMD Underground Community ordered by Cutaia was quoted as $1,648,560.00 (U.S.) [hereinafter referred to as the "Radius Contract"].

14.    In addition, Cutaia entered into an oral contract with Green Eye for the installation of the Ethos WMD Underground Community in exchange for payment in the amount of $786,513.75 (U.S.) [hereinafter referred to as the "Green Eye Contract"].

15.    In furtherance of installation of the Ethos WMD Underground Community, Cutaia acquired several hundred acres of real property, including residential property, located in Augusta County, Virginia (the "Augusta County Property"). In making his decision to acquire the Augusta County Property, Cutaia considered and relied upon the installation site recommendations provided by Radius. Cutaia also considered and relied upon certain conclusions and opinions provided by Green Eye that the proposed location on the Augusta County Property was suitable

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

for installation of the Ethos WMD Underground Community, which conclusions and opinions were based upon core drilling samples performed by Green Eye on or about July 15, 2009. Cutaia paid Green Eye $45,000.00 to conduct the core drilling samples.

16.    In the Preliminary Report, Radius and Green Eye marketed two options for the foundation of the Earthcom Dome 60: (1) a conventional foundation that would subject the Earthcom Dome 60 to local building codes; and (2) a fiberglass pan in twelve segments that would create a form to pour the concrete footing and floor for the Earthcom Dome 60. Radius and Green Eye represented and assured Cutaia that the fiberglass pan option would not be considered permanent and would therefore not be subject to regulations and provisions under the relevant building codes administered and enforced by the County of Augusta, Virginia. In reliance upon the representations and assurances provided by both Radius and Green Eye, Cutaia selected the fiberglass pan option at the increased cost of $57,000.00. However, at the time he placed his order, Cutaia was not advised and was not aware that Radius had not, in fact, ever designed, engineered, or manufactured the fiberglass pan, and had not determined or tested how the components of the fiberglass pan would connect.

17.    Pursuant to the direction of both Radius and Green Eye, Cutaia contracted with other third-party contractors, specifically excavators and suppliers, for labor, machinery and materials to prepare the Augusta County Property for installation of the Ethos WMD Underground Community. To date, Cutaia individually paid no less than $100,000.00 (U.S.) for rental of heavy equipment and machinery, and $100,000.00 (U.S.) for site preparation.

18.    In or about October 2009, Radius began shipping the components for the Ethos WMD Underground Community to the Augusta County Property for installation by Green Eye.

19.    Radius first shipped some of the "trays" to install the fiberglass pan for the floor of the Earthcom Dome 60.  Green Eye excavated and installed the fiberglass trays comprising the pan, and Radius "glassed" the foundation trays in place.  The concrete floor was then poured. From November 2009 to the late summer of 2010, the fiberglass pan foundation was exposed to outdoor weather conditions and temperature fluctuations.

20.    In March 2010, Radius shipped three or four sections of the Earthcom Dome 60 to the Augusta County Property; however, these sections of the Earthcom Dome 60 were not installed at that time pending receipt of the remaining sections from Radius.  Radius did not ship the remaining sections of the Earthcom Dome 60 until the summer of 2010.  During this period of time, the sections of the Earthcom Dome 60 shipped in March 2010 remained exposed to outdoor weather conditions and temperature fluctuations.

21.    Upon receipt of the remaining sections of the Earthcom Dome 60, Green Eye discovered that the sections of the Earthcom Dome 60 shipped in March 2010 did not match and did not fit together with the sections shipped in the summer of 2010 to form a waterproof and structurally sound connection among the sections. Radius traveled to the Augusta County Property and inspected the misfitting sections of the Earthcom Dome 60.  Instead of replacing the misfitting sections of the Earthcom Dome 60 with new sections that would all fit together, Radius recommended that Green Eye drill additional holes in the lapped joints of the sections of the

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

Earthcom Dome 60 in an effort to force the sections to fit together. Both Radius and Green Eye assured Cutaia that the proposed resolution would produce a final product that was structurally sound, waterproof and airtight as warrantied by both Radius and Green Eye, and as expected by Cutaia. Cutaia subsequently learned that the Earthcom Dome 60 was "new product" and that Green Eye lacked the expertise to install the Earthcom Dome 60 properly.

22. Green Eye anticipated that water might infiltrate the Earthcom Dome 60, and Green Eye recommended that Cutaia order a rubber membrane that Green Eye proposed to place over the Earthcom Dome 60 in an effort to divert groundwater away from the Earthcom Dome 60. Cutaia followed the recommendation of Green Eye and ordered a rubber membrane for which Cutaia paid an additional $5,000.00. However, Green Eye never installed the rubber membrane and ultimately backfilled only soil and gravel against the Earthcom Dome 60.

23. The solutions proposed by both Radius and Green Eye, and implemented by Green Eye failed to produce a proper fit and connection among the sections of the Earthcom Dome 60, and the lapped joints of the interlocking dome segments have varying separations along their lengths. In addition, Green Eye failed to seal the walls of the Earthcom Dome 60 which has allowed groundwater to seep into and infiltrate the Earthcom Dome 60. Finally, the weight of the external walls of the Earthcom Dome 60 has placed stress on the foundation pad resulting in radial and circular cracks to form in the foundation pad. The infiltration of water in the foundation pad expose the Earthcom Dome 60 to contamination by groundwater and defeats the

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

safety and security purposes for which Cutaia acquired the Ethos WMD Underground Community.

24.    Cutaia became concerned about the skill, knowledge and ability of Green Eye to install the Ethos WMD Underground Community to the specifications of Radius and in accordance with the essential contractual expectations of Cutaia.  Cutaia expressed his concerns with Radius and suggested substituting Green Eye with another installer.  Radius responded unequivocally (1) that Green Eye was the only installer of Radius underground shelter systems and (2) that all Radius warranties would be void if Cutaia contracted with another contractor to install the Ethos WMD Underground Community.  To preserve his warranties on the Ethos WMD Underground Community, Cutaia concluded that he had no choice but to continue with installation of the Ethos WMD Underground Community by Green Eye.

25.    As part of an upgrade to the CAT-25 Living Pod, Cutaia requested and Radius agreed to construct high-quality internal cabinetry using marine teak hardwood and all stainless or brass connectors, such that the cabinetry would comply with a "yacht-like" standard of quality. Instead, Radius assembled low-grade internal cabinetry using only teak laminate.  (Copies of photographs depicting the low-grade quality of internal cabinetry manufactured and delivered by Radius is attached hereto as Exhibit "A").

26.    Between February 2011 and March 2011, Green Eye began installation of the CAT-25 Living Pod and the CAT-25 Generator Pod.

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

27.     Based upon information and belief, Cutaia understands that upon delivery of the CAT-25 pods, Green Eye observed and reported to Radius that the walls for each CAT-25 pod were "less-rigid" and thinner than the walls for other pods manufactured by Radius and installed by Green Eye on other projects.  Green Eye contacted Radius and inquired about the stability of the CAT-25 pods delivered to Cutaia.  Radius assured Green Eye that the CAT-25 pods delivered to Cutaia were structurally stable and instructed Green Eye to proceed with installation.

28.     During installation of the CAT-25 Living Pod and the CAT-25 Generator Pod, Green Eye was required to backfill around each unit at an even rate using bedding material consisting of small, rounded pea gravel to provide a uniform load around the CAT-25 pods.  In addition, Green Eye was required to compact the pea gravel around the CAT-25 pods to form a firm bed surrounding the CAT-25 pods.

29.     However, Green Eye failed to backfill the CAT-25 pods properly by using pea gravel; instead, Green Eye used crushed granite contrary to the recommendations of Radius.  Furthermore, Green Eye failed to perform any form of compaction of the crushed granite around the CAT-25 pods.  The settling and shifting of the non-compacted crushed granite has resulted in large stress and flexural cracking in the fiberglass structure of the CAT-25 pods.  (Copies of photographs depicting representative cracks in the CAT-25 Living Pod are attached collectively as Exhibit "B").

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

30.    As the CAT-25 pods began to fail structurally, Green Eye attempted to disguise the cracks in the fiberglass structure by overlaying the cracks with fiberglass patches and a form of sealant; however, the breaks and cracks continued to expand and are allowing groundwater to infiltrate the CAT-25 pods.  (Copies of photographs depicting Green Eye's attempts to disguise the cracks are attached collectively as Exhibit "C").

31.    In addition, as the CAT-25 Living Pod began to fail structurally, the downward compression at the top of the CAT-25 Living Pod began to cause the side walls of the CAT-25 Living Pod to bulge and deflect outward.  This outward deflection of the walls caused movement and detachment of internal components and partition walls within the CAT-25 Living Pod.  Green Eye attempted to resolve and disguise the dislocation of the internal components by moving internal cabinets and components inward, and by cutting into the partition walls.  Green Eye's attempts have caused permanent damage to internal components of the CAT-25 Living Pod.  The CAT-25 Living Pod is in active structural failure with full collapse imminent.  (Copies of photographs depicting the deflection and dislocation of partition walls within the CAT-25 Living Pod are attached collectively as Exhibit "D").

32.    As the CAT-25 Generator Pod began to fail structurally, loud cracks and pops could be heard by Green Eye employees inside the CAT-25 Generator Pod.  At the direction of Radius, Green Eye immediately began to remove soil from the top of the CAT-25 Generator Pod to relieve the pressure of settling soil on the CAT-25 Generator Pod.  Green Eye advised Cutaia that it would consult with Radius for recommendations to resolve the structurally failing CAT-25

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

Generator Pod; however, Green Eye never returned to the Augusta County Property to implement any resolution to correct the CAT-25 Generator Pod.

33.    After Green Eye installed the CAT-25 Generator Pod and despite the earlier core sample drilling performed by Green Eye, Green Eye discovered the presence of a large rock that prohibited the installation of a tunnel on the end of the CAT-25 Generator Pod opposite the Earthcom Dome 60. Green Eye again consulted with Radius, and Radius and Green Eye together recommended to Cutaia that the tunnel be installed backward so that the large rock would be avoided. Green Eye proposed that a concrete-walled entrance could be installed as an alternate entrance on the reconfigured tunnel entrance to the CAT-25 Generator Pod. However, Green Eye never installed the concrete-walled entrance, and abandoned the Augusta County Property without securing and sealing the open entrance which allowed water to drain into and to flood the CAT-25 Generator Pod. The flooding of the CAT-25 Generator Pod caused empty fuel tanks to float upward and to lift the floor beams and internal equipment, thereby crushing the ductwork against the roof. In addition, the infiltration of water into the CAT-25 Generator Pod has caused the development of mold within the CAT-25 Generator Pod and the connecting tunnel to the Earthcom Dome 60.

34.    In addition to the structural failures and deficiencies noted above, the installation of the Ethos WMD Underground Community is deficient in additional manners, including, but not limited, to the following:

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

    a.    large voids and gaps are present in the exhaust manifold located in the CAT-25 Generator pod;

    b.    the plumbing components in the CAT-25 Living Pod are partially installed with no visible means of connection for either inlet water sources or outlet wastewater disposal, including connections to septic/sewer systems;

    c.    the CAT-25 Living Pod contains a bank of batteries for electrical service to the CAT-25 Living Pod; however, there is no visible means of connection through the structure of the CAT-25 Living Pod to the generators located in the CAT-25 Generator Pod;

    d.    the stair sections installed in the inclined tunnels are separating from the sidewalls of the tunnels' fiberglass shells; and

    e.    additional stress cracks and separations have formed in the joints connecting the tunnels to the Earthcom Dome 60 and the CAT-25 pods;

35.    In March 2011, Green Eye abandoned its installation of the Ethos WMD Underground Community at the Augusta County Property. Despite repeated inquiries from Cutaia, Green Eye has refused and failed to return to the Augusta County Property to resolve the identified deficiencies with the Ethos WMD Underground Community.

36.    From the beginning of discussions between Cutaia on the one side, and Radius and Green Eye on the other side, and continuing through the delivery and partial installation of the Ethos WMD Underground Community, Cutaia expressed, and both Radius and Green Eye understood and acknowledged, that expedient installation of the Ethos WMD Underground

Community at the Augusta County Property was an essential and material element of the agreement(s) between and among Cutaia, and Radius and Green Eye. However, the continued manufacturing delays by Radius and the continued installation delays by Green Eye completely compromised and destroyed the secrecy and security of the Ethos WMD Underground Community.

37.   Radius recommended that Cutaia agree to additional materials, equipment and components of the Ethos WMD Underground Community, which materials, equipment and components included, but were not limited to, a Multiple Chamber Air Sterilization (MCAS) system ($38,000), and a periscope ($27,580.00). Cutaia relied upon the recommendations of Radius and agreed to acquire, and paid for, the additional materials, equipment and components. Radius never delivered additional materials, equipment and components.

38.   Cutaia has fully performed his obligations under the Radius Contract, plus amounts for additional materials, by remitting payment to Radius in the amount of $1,919,000.00 (U.S.) for the Ethos WMD Underground Community.

39.   Cutaia has fully performed his obligations under the Green Eye Contract, plus certain additional charges by Green Eye, by remitting payment to Green Eye in the amount of $850,000.00 (U.S.) for installation of the Ethos WMD Underground Community.

40.   Cutaia will incur additional damages in the estimated amount of $550,000.00, for the removal and disposal of the defective Ethos WMD Underground Community and to return

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

the Augusta County Property to site and grade conditions acceptable by the County of Augusta, Virginia.

## Count I
## Breach of Contract – Radius Engineering International Inc.

41.   Cutaia repeats and incorporates the allegations recited in paragraphs numbered 1 through 40.

42.   The Radius Contract constitutes a valid and enforceable oral contract between Cutaia and Radius for the specified Ethos WMD Underground Community.

43.   The Ethos WMD Underground Community as delivered fails to conform to the contract specifications and requirements as agreed between Cutaia and Radius for acquisition of the Ethos WMD Underground Community by Cutaia.

44.   Radius has failed to cure the non-conformity with the Ethos WMD Underground Community as delivered by Radius to Cutaia.

45.   Radius' failure to deliver the Ethos WMD Underground Community to Cutaia in compliance with the specifications and requirements of the Radius Contract and Radius' failure to cure the non-conformity with the Ethos WMD Underground Community as delivered to Cutaia constitutes a breach of the Radius Contract.

46.   Cutaia has incurred direct and consequential damages as the proximate result of Radius' breach of the Radius Contract.

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

**WHEREFORE**, Rory J. Cutaia respectfully requests judgment against Radius Engineering International Inc., in the amount of THREE MILLION SEVEN HUNDRED FIFTY THOUSAND AND NO ONE-HUNDREDTHS DOLLARS (U.S.) ($3,750,000.00).

### Count II
### Breach of Contract – Green Eye Technology, LLC

47.   Cutaia repeats and incorporates the allegations recited in paragraphs numbered 1 through 46.

48.   The Green Eye Contract constitutes a valid and enforceable oral contract between Cutaia and Radius for installation of the Ethos WMD Underground Community.

49.   Green Eye failed to install the Ethos WMD Underground Community in conformity with the contract specifications and requirements as agreed between Cutaia and Green Eye for installation of the Ethos WMD Underground Community by Cutaia.

50.   Green Eye has failed to cure the non-conformity with the installation of the Ethos WMD Underground Community.

51.   Green Eye's failure to install the Ethos WMD Underground Community in compliance with the specifications and requirements of the Green Eye Contract and Green Eye's failure to cure the non-conformity with its installation of the Ethos WMD Underground Community constitutes a breach of the Green Eye Contract.

52.   Cutaia has incurred direct and consequential damages as the proximate result of Green Eye's breach of the Green Eye Contract.

**WHEREFORE**, Rory J. Cutaia respectfully requests judgment against Green Eye Technology, LLC, in the amount of THREE MILLION SEVEN HUNDRED FIFTY THOUSAND AND NO ONE-HUNDREDTHS DOLLARS (U.S.) ($3,750,000.00).

**Count III**
**Breach of Express Warranties – Radius Engineering International Inc.**

53.    Cutaia repeats and incorporates the allegations recited in paragraphs numbered 1 through 52.

54.    Radius created express warranties to Cutaia in regard to the quality, function, characteristics, features, assembly, and installation of the Ethos WMD Underground Community by the following methods:

(a)    by making affirmative statements of fact or promises in regard to the specifications of the Ethos WMD Underground Community which became a basis of the bargain underlying the Radius Contract that the Ethos WMD Underground Community would conform to the stated affirmative statements of fact or promises;

(b)    by providing a description of the components of the Ethos WMD Underground Community which became a basis of the bargain underlying the Radius Contract that the Ethos WMD Underground Community would conform to the provided description; and

(c)    by providing and making available to Cutaia a sample or model of one or more components of the Ethos WMD Underground Community which became a basis of the

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

bargain underlying the Radius Contract that the Ethos WMD Underground Community would conform to the sample or model.

55.   Radius breached the express warranties to Cutaia in regard to the Ethos WMD Underground Community by failing to assemble and deliver the Ethos WMD Underground Community in conformity with the affirmative statements of fact or promises made by Radius; the description of the components of the Ethos WMD Underground Community; and the sample or model of one or more components of the Ethos WMD Underground Community, or any of these express warranties separately.

56.   Cutaia has incurred direct and consequential damages as the proximate result of Radius' breach of its express warranties.

**WHEREFORE**, Rory J. Cutaia respectfully requests judgment against Radius Engineering International Inc., in the amount of THREE MILLION SEVEN HUNDRED FIFTY THOUSAND AND NO ONE-HUNDREDTHS DOLLARS (U.S.) ($3,750,000.00).

### Count IV
### Breach of Implied Warranty of Merchantability
### Radius Engineering International Inc.

57.   Cutaia repeats and incorporates the allegations recited in paragraphs numbered 1 through 56.

58.   Radius is a merchant of underground "Weapons of Mass Destruction" shelters, including the Ethos WMD Underground Community purchased by Cutaia.

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

59.   A warranty that the Ethos WMD Underground Community would be merchantable is implied under the Radius Contract.

60.   Radius breached the implied warranty of merchantability in regard to the Ethos WMD Underground Community in the following methods:

(a)   the Ethos WMD Underground Community fails to pass without objection in the relevant trade under the requirements of the Radius Contract; and

(b)   the Ethos WMD Underground Community is not fit for the ordinary purposes for which such goods are used.

61.   Cutaia has incurred direct and consequential damages as the proximate result of Radius' breach of the implied warranty of merchantability.

**WHEREFORE**, Rory J. Cutaia respectfully requests judgment against Radius Engineering International Inc., in the amount of THREE MILLION SEVEN HUNDRED FIFTY THOUSAND AND NO ONE-HUNDREDTHS DOLLARS (U.S.) ($3,750,000.00).

## Count V
### Breach of Implied Warranty of Fitness for Particular Purpose
### Radius Engineering International Inc.

62.   Cutaia repeats and incorporates the allegations recited in paragraphs numbered 1 through 61.

63.   At the time that Radius and Cutaia entered into the Radius Contract, Radius knew and had reason to know of the purpose to which Cutaia intended to put the Ethos WMD

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

Underground Community, and knew and had reason to know that Cutaia was relying upon Radius' skill and judgment to select and furnish suitable goods.

64.    A warranty that the Ethos WMD Underground Community would be fit for the particular purposes intended by Cutaia arose out of the Radius Contract.

65.    Radius failed to assemble and deliver a Ethos WMD Underground Community in conformity with the particular purpose to which Cutaia intended to put the Ethos WMD Underground Community.

66.    Radius' failure to manufacture, assemble and deliver a Ethos WMD Underground Community in conformity with the particular purpose to which Cutaia intended to put the Ethos WMD Underground Community constitutes a breach of the implied warranty of fitness for a particular purpose.

67.    Cutaia has incurred direct and consequential damages as the proximate result of Radius' breach of the implied warranty of fitness for a particular purpose.

**WHEREFORE**, Rory J. Cutaia respectfully requests judgment against Radius Engineering International Inc., in the amount of THREE MILLION SEVEN HUNDRED FIFTY THOUSAND AND NO ONE-HUNDREDTHS DOLLARS (U.S.) ($3,750,000.00).

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

## Count VI
### Negligence – Green Eye Technology, LLC

68.   Cutaia repeats and incorporates the allegations recited in paragraphs numbered 1 through 67.

69.   Green Eye owed a duty to Cutaia to install the Ethos WMD Underground Community in a manner consistent with the standards of good workmanship prevailing in the industry.

70.   Green Eye breached its duty to Cutaia by failing to install the Ethos WMD Underground Community in a manner consistent with the standards of good workmanship prevailing in the relevant industry.

71.   Green Eye's breach of its duty is the proximate cause of damages to Cutaia.

**WHEREFORE**, Rory J. Cutaia respectfully requests judgment against Green Eye Technology, LLC, in the amount of THREE MILLION SEVEN HUNDRED FIFTY THOUSAND AND NO ONE-HUNDREDTHS DOLLARS (U.S.) ($3,750,000.00).


## Count VII
### Negligence – Respondent Superior Liability
### Radius Engineering International Inc.

72.   Cutaia repeats and incorporates the allegations recited in paragraphs numbered 1 through 71.

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

73.    At all times during the marketing and sale of the Ethos WMD Underground Community to Cutaia, and further during the installation of the Ethos WMD Underground Community at the Augusta County Property, Radius had the right to control and direct the actions of Green Eye.

74.    Radius did in fact exercise such control and direction over the actions of Green Eye during the marketing and sale of the Ethos WMD Underground Community to Cutaia, and further during the installation of the Ethos WMD Underground Community at the Augusta County Property by instructing Green Eye on the method and manner of installation of the Ethos WMD Underground Community and by directing and instructing Green Eye to implement certain alterations to the installation of the Ethos WMD Underground Community.

75.    Green Eye operated within the scope of the disclosed agency of Radius at all times during the marketing and sale of the Ethos WMD Underground Community to Cutaia, and further during the installation of the Ethos WMD Underground Community at the Augusta County Property.

76.    Green Eye, under the direction and control of Radius, breached its duty to Cutaia by failing to install the Ethos WMD Underground Community in a manner consistent with the standards of good workmanship prevailing in the relevant industry.

77.    Cutaia has incurred damages as the proximate result of Green Eye's failure to install the Ethos WMD Underground Community in a manner consistent with the standards of

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

good workmanship prevailing in the relevant industry, all under the direction and control of Radius.

**WHEREFORE**, Rory J. Cutaia respectfully requests judgment against Radius Engineering International Inc., in the amount of THREE MILLION SEVEN HUNDRED FIFTY THOUSAND AND NO ONE-HUNDREDTHS DOLLARS (U.S.) ($3,750,000.00).

### Count VIII
### Negligence – Joint Business Enterprise
### Radius Engineering International Inc., and Green Eye Technology, LLC

78.    Cutaia repeats and incorporates the allegations recited in paragraphs numbered 1 through 77.

79.    By express and implied agreement, and through an established course of dealing, Radius and Green Eye have a community of interest in the manufacture and installation of underground shelters.

80.    By express and implied agreement, and through an established course of dealing, Radius and Green Eye have engaged in the business of manufacture and installation of underground shelters for profit, gain, or other benefit.

81.    Radius and Green Eye have a voice in the control and management of the other party in respect to the manufacture and installation of underground shelters.  Radius provides instruction, direction and recommendations to Green Eye for installation of the underground

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

shelters, and Green Eye, through the membership on the Board of Directors for Radius by one it principal members, has the right to participate in the conduct of business by Radius.

82.   The mutual undertaking in the manufacture and installation of underground shelters for profit, gain, or other benefit, coupled with the mutual roles in the control and management of each other constitute a joint business venture between Radius and Green Eye.

83.   Pursuant to the joint business venture between Radius and Green Eye, both Radius and Green Eye solicited the business of Cutaia.

84.   Pursuant to the joint business venture between Radius and Green Eye, Cutaia entered into the Radius Contract for the purchase of the Ethos WMD Underground Community. Radius intended to realize a profit, gain, or other benefit as a result of the Radius Contract with Cutaia.

85.   Pursuant to the joint business venture between Radius and Green Eye, Cutaia entered into the Green Eye Contract for the installation of the Ethos WMD Underground Community.  Green Eye intended to realize a profit, gain, or other benefit as a result of the Green Eye Contract with Cutaia.

86.   Green Eye relied and depended upon the direction of Radius for installation of the Ethos WMD Underground Community.  Radius intended that Green Eye would comply with the directions of Radius for installation of the Ethos WMD Underground Community.

87.    As a result of Radius' negligent failure to provide proper direction, Green Eye failed to install the Ethos WMD Underground Community in a proper manner, resulting in permanent structural failure and damage to the Ethos WMD Underground Community.

88.    In other respects where Radius provided proper direction to Green Eye, Green Eye negligently failed to follow the direction of Radius in the installation of the Ethos WMD Underground Community, resulting in permanent structural failure and damage to the Ethos WMD Underground Community.

89.    Pursuant to the joint business venture between Radius and Green Eye, the negligence of Radius is imputed to Green Eye.

90.    Pursuant to the joint business venture between Radius and Green Eye, the negligence of Green Eye is imputed to Radius.

91.    The negligence of both Radius and Green Eye under the joint business enterprise between them is the proximate cause of damages to Cutaia.

**WHEREFORE**, Rory J. Cutaia respectfully requests judgment, jointly and severally, against Radius Engineering International Inc., and Green Eye Technology, LLC, in the amount of THREE MILLION SEVEN HUNDRED FIFTY THOUSAND AND NO ONE-HUNDREDTHS DOLLARS (U.S.) ($3,750,000.00).

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

**Count IX**
**Fraud in the Inducement – Radius Engineering International Inc.**

92.    Cutaia repeats and incorporates the allegations recited in paragraphs numbered 1 through 91.

93.    Radius marketed and represented to Cutaia that it had designed, engineered and could manufacture the Ethos WMD Underground Community, specifically, the fiberglass foundation pan system, in accordance with contractual specifications and industry standards to provide Cutaia with a structurally sound, waterproof, and airtight Ethos WMD Underground Community.

94.    At the time Radius made its representations to Cutaia, Radius knew that it had not, in fact, designed and engineered the fiberglass foundation pan system and further knew that it had not determined and tested the method by which the trays comprising the fiberglass pan system would be connected to provide Cutaia with a structurally sound, waterproof, and airtight Ethos WMD Underground Community.

95.    Cutaia relied upon the representations of Radius to his detriment by entering into the Radius Contract, the Green Eye Contract, and by retaining and paying third-party firms to prepare the Augusta County Property for installation of the Ethos WMD Underground Community.

96.    But for the representations of Radius, Cutaia would not have entered into either the Radius Contract or the Green Eye Contract, and would not have retained and paid third-party

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

firms to prepare the Augusta County Property for installation of the Ethos WMD Underground Community.

97.   Radius' misrepresentations that induced Cutaia to enter into the Radius Contract and the Green Eye Contract, and to retain and pay third-party firms to prepare the Augusta County Property for installation of the Ethos WMD Underground Community are the proximate cause of Cutaia suffering damages.

98.   Radius' misrepresentations were intentional, willful and malicious with the sole purpose of inducing Cutaia to enter into the Radius Contract and the Green Eye Contract, and to retain and pay third-party firms to prepare the Augusta County Property for installation of the Ethos WMD Underground Community.

**WHEREFORE**, Rory J. Cutaia respectfully requests judgment against Radius Engineering International Inc., for compensatory damages in the amount of THREE MILLION SEVEN HUNDRED FIFTY THOUSAND AND NO ONE-HUNDREDTHS DOLLARS (U.S.) ($3,750,000.00), and for punitive damages in the amount of THREE HUNDRED FIFTY THOUSAND AND NO ONE-HUNDREDTHS DOLLARS (U.S.) ($350,000.00).

### Count X
### Fraud in the Inducement – Green Eye Technology, LLC

99.   Cutaia repeats and incorporates the allegations recited in paragraphs numbered 1 through 98.

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

100.  Green Eye represented to Cutaia that it could install the Ethos WMD Underground Community competently, expeditiously, and professionally and in compliance with the specifications, recommendations, requirements and directions of Radius.

101.  At the time Green Eye made its representations to Cutaia, Green Eye knew that it could not install and had no intention of installing the Ethos WMD Underground Community competently, expeditiously, and professionally and in compliance with the specifications, recommendations, requirements and directions of Radius.  In fact, Green Eye knew that the Earthcom Dome 60 was "new product" and that Green Eye lacked the knowledge, expertise and experience to install the Ethos WMD Underground Community competently, expeditiously, and professionally and in compliance with the specifications, recommendations, requirements and directions of Radius.

102.  Cutaia relied upon the representations of Green Eye to his detriment by entering into the Radius Contract, the Green Eye Contract, and by retaining and paying third-party firms to prepare the Augusta County Property for installation of the Ethos WMD Underground Community.

103.  But for the representations of Green Eye, Cutaia would not have entered into either the Radius Contract or the Green Eye Contract, and would not have retained and paid third-party firms to prepare the Augusta County Property for installation of the Ethos WMD Underground Community.

104. Green Eye's misrepresentations that induced Cutaia to enter into the Radius Contract and the Green Eye Contract, and to retain and pay third-party firms to prepare the Augusta County Property for installation of the Ethos WMD Underground Community are the proximate cause of Cutaia suffering damages.

105. Green Eye's misrepresentations were intentional, willful and malicious with the sole purpose of inducing Cutaia to enter into the Radius Contract and the Green Eye Contract, and to retain and pay third-party firms to prepare the Augusta County Property for installation of the Ethos WMD Underground Community.

**WHEREFORE**, Rory J. Cutaia respectfully requests judgment against Green Eye Technology, LLC, for compensatory damages in the amount of THREE MILLION SEVEN HUNDRED FIFTY THOUSAND AND NO ONE-HUNDREDTHS DOLLARS (U.S.) ($3,750,000.00), and for punitive damages in the amount of THREE HUNDRED FIFTY THOUSAND AND NO ONE-HUNDREDTHS DOLLARS (U.S.) ($350,000.00).

### Count XI
### Violation of the Virginia Consumer Protection Act
### Radius Engineering International Inc.

106. Cutaia repeats and incorporates the allegations recited in paragraphs numbered 1 through 105.

107. The Radius Contract constitutes a "consumer transaction," as defined under §59.1-198, Code of Virginia (1950, as amended).

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

108.  The Ethos WMD Underground Community constitutes "goods," as defined under §59.1-198, Code of Virginia (1950, as amended).

109.  Radius made material misrepresentations to Cutaia concerning the quality, characteristics, uses and benefits of the Ethos WMD Underground Community, as prohibited under §59.1-200(A)(5), Code of Virginia (1950, as amended).

110.  Radius made material misrepresentations to Cutaia concerning the standard, quality and grade of the Ethos WMD Underground Community, as prohibited under §59.1-200(A)(6), Code of Virginia (1950, as amended).

111.  Radius committed other acts of deception, fraud, false pretense, false promise, and misrepresentations regarding the Ethos WMD Underground Community, as prohibited under §59.1-200(A)(14), Code of Virginia (1950, as amended).

112.  As a result of Radius' violations of §§59.1-200(A)(5), (A)(6) & (A)(14), Cutaia has incurred actual damages in an amount exceeding $3,750,000.00.

113.  Pursuant to §59.1-204, Cutaia is entitled to recover an amount three times the actual damages incurred, or $11,250,000.00, plus reasonable attorneys' fees and court costs.

**WHEREFORE**, Rory J. Cutaia respectfully requests judgment against Radius Engineering International Inc., in the amount of ELEVEN MILLION TWO HUNDRED FIFTY THOUSAND AND NO ONE-HUNDREDTHS DOLLARS (U.S.) ($11,250,000.00), plus his reasonable attorneys' fees and costs incurred in this case.

## Count XII
### Violation of the Virginia Consumer Protection Act
### Green Eye Technology, LLC

114. Cutaia repeats and incorporates the allegations recited in paragraphs numbered 1 through 113.

115. The Green Eye Contract constitutes a "consumer transaction," as defined under §59.1-198, Code of Virginia (1950, as amended).

116. Installation of the Ethos WMD Underground Community constitutes "services," as defined under §59.1-198, Code of Virginia (1950, as amended).

117. Green Eye made material misrepresentations to Cutaia regarding alterations, modifications and services related to the installation of the Ethos WMD Underground Community, as prohibited under §59.1-200(A)(10), Code of Virginia (1950, as amended).

118. Green Eye committed other acts of deception, fraud, false pretense, false promise, and misrepresentations regarding the Ethos WMD Underground Community, as prohibited under §59.1-200(A)(14), Code of Virginia (1950, as amended).

119. As a result of Green Eye's violations of §§59.1-200(A)(10) & (A)(14), Cutaia has incurred actual damages in an amount exceeding $3,750,000.00.

120. Pursuant to §59.1-204, Cutaia is entitled to recover an amount three times the actual damages incurred, or $11,250,000.00, plus reasonable attorneys' fees and court costs.

**WHEREFORE**, Rory J. Cutaia respectfully requests judgment against Green Eye Technology, LLC, in the amount of ELEVEN MILLION TWO HUNDRED FIFTY THOUSAND

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

AND NO ONE-HUNDREDTHS DOLLARS (U.S.) ($11,250,000.00), plus his reasonable attorneys' fees and costs incurred in this case.

A JURY TRIAL IS DEMANDED.

Respectfully Submitted,

RORY J. CUTAIA

COMMONWEALTH OF VIRGINIA

CITY OF STAUNTON:

I, the undersigned, a Notary Public in and for the above jurisdiction aforesaid, do hereby attest that Rory J. Cutaia appeared before me this ___27TH___ day of July, 2011, and after having been duly sworn gave oath that the contents of the Complaint are true to the best of his knowledge, information and belief, and acknowledged his signature subscribed.

My commission expires:

Notary Public

(Seal)

DEBRA A. GUMANN
Notary Public
Commonwealth of Virginia
7054014
My Commission Expires Aug 31, 2014

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517

33

Colin J.S. Thomas, Jr. VSB No. 3268
Randall T. Perdue, VSB No. 40324
TIMBERLAKE, SMITH, THOMAS & MOSES, P.C.
Post Office Box 108
25 North Central Avenue
Staunton, Virginia 24402-0108
Telephone:   540-885-1517
Facsimile:    540-885-4537

P:\PERDUE\MiscFirm\Misc Pleadings\Complaint.wpd