IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| RORY J. CUTAIA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 5:11cv77 |
| | ) | |
| v. | ) | |
| | ) | |
| RADIUS ENGINEERING | ) | |
| INTERNATIONAL INC., et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 5:13cv17 |
| | ) | |
| v. | ) | |
| | ) | |
| GREEN EYE TECHNOLOGY, | ) | |
| LCC, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Second Motion to Compel (Dkt. No. 165) and Defendants' Cross Motion for Protective Order (Dkt. No. 174). A hearing was held before this Court on July 2, 2013. Having considered the oral arguments of counsel, the pleadings filed, and the applicable law, and for the reasons set forth below, it is hereby **ORDERED** that the Plaintiff's motion to compel is **GRANTED IN PART** and **DENIED IN PART**, and the Defendants' motion for protective order is likewise **GRANTED IN PART** and **DENIED IN PART**.

1

This action arises from the design, construction, and installation of an underground shelter by Defendants for the use of the plaintiff, Rory J. Cutaia ("Cutaia"), in the event of a severe natural disaster, terrorist attack utilizing weapons of mass destruction, or similar type event. Plaintiff's Second Amendment Complaint (Dkt. No. 128) alleges fifteen counts against Defendants, including claims against Radius Engineering International, Inc. and Green Eye Technology, LLC for fraud in the inducement (Counts X & XI). Cutaia seeks in a discovery, through its First Interrogatories and Second Requests for Production of Documents, certain financial information as to defendant Radius Engineering International Inc. ("Radius"), asserting that this information is relevant to its claim for punitive damages asserted in Count X (fraud in the inducement as to Radius). Radius objects on the ground that the information is not relevant, or reasonably calculated to lead to the discovery of admissible evidence, that the discovery is overly broad and unduly burdensome in regard to its temporal scope, and that this discovery calls for the production of private and confidential financial information.

"A defendant's financial position is a proper consideration in assessing punitive damages . . . ." Moore v. DAN Holdings, Inc., 1:12CV503, 2013 WL 1833557, at *13 (M.D.N.C. Apr. 30, 2013) (quoting Stamathis v. Flying J, Inc., 389 F.3d 429, 442 (4th Cir. 2004)); see also Baldwin v. McConnell, 643 S.E.2d 703, 706 (Va. 2007) (listing a defendant's ability to pay as a relevant factor in determining the reasonableness of punitive damages under Virginia law). However, courts have acknowledged it may be "appropriate to prohibit discovery as to the defendant's net worth until a decision has been rendered on a motion for summary judgment as to whether the punitive damages issue will go to trial." Tiller v. Hobart Corp., 58 F. Supp.2d 688, 690-91 (W.D.Va. 1999); see also Moore, 2013 WL 1833557, at *14 (collecting cases)

("[T]he mere inclusion of a bald demand for punitive damages in a pleading does not entitle a litigant to discovery of sensitive financial information.").

Here, there is no question that Radius's financial information will be relevant if and only if the claim for punitive damages survives summary judgment. It thus appears proper to forestall Cutaia's discovery of Radius's financial information unless and until this claim proceeds past the summary judgment stage. Furthermore, Cutaia is entitled only to a limited amount of financial information—no more than is sufficient to provide a snapshot of Radius's current financial position. Moore, 2013 WL 1833557, at *14 (quoting Happel v. Wal–Mart Stores, Inc., No. 02C7771, 2007 WL 495277, at *3 (N.D.Ill. Feb.9, 2007) ("Only current net worth relates to punitive damages. Net sales and income, even if current, is not relevant."). However, to avoid the potential for any future undue delay, I will require Radius to gather such financial information now, so that it may be promptly provided to Cutaia if and when it becomes appropriate to do so. Cf. id. at *15 (making the same ruling).

The motion to compel is therefore **GRANTED IN PART** and **DENIED IN PART**, and the motion for protective order is likewise **GRANTED IN PART** and **DENIED IN PART**. Radius shall gather and have ready to produce its tax records for the past three years and its corporate balance sheets reflecting its current net worth.[1] If the deadline for filing dispositive motions passes without any motion being made in regard to Cutaia's punitive damage claim, Radius shall produce the financial information specified in this order within five days of the deadline for filing dispositive motions. If a motion for summary judgment is made as to Cutaia's punitive damage claim, and the claim survives summary judgment, Radius shall produce the

---

[1] My decision should not be interpreted as finding that three years of tax records is always or even generally necessary to develop an accurate picture of current net worth. I will require that Radius produced three years worth of records due to the nature of its industry, which may have great year-to-year fluctuations in the billings and income of the corporate entity.

financial information specified in this order within five days from the entry of the opinion denying summary judgment on the punitive damage claim.

Cutaia also seeks in discovery identification of parent entities, subsidiary entities, or other entities affiliated with Radius in the design, manufacture, assembly, and delivery of underground shelters. Radius objects on the grounds that the requested discovery is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery admissible evidence. Radius further objects to the term "affiliated with" as being vague and ambiguous. At the hearing before me on July 2, 2013, counsel for Radius asserted uncertainty as to whether Cutaia sought this information as to *all* of Radius's underground shelters , or simply the specific type of underground shelter purchased by Cutaia. Counsel for Cutaia clarified that the information sought is only as to the particular underground shelter purchased by Cutaia. Radius further alleged confusion about whether Cutaia sought information only about Radius's affiliated entities, or also sought information about the parent and/or subsidiary entities of other companies. Again, counsel for Cutaia clarified that he seeks information only regarding Radius's parent and/or subsidiary entities who are involved in the design, manufacture and delivery of the shelter purchased by Cutaia. While Cutaia seeks information as to other companies Radius may have worked with in the design, manufacture, assembly, and delivery of the underground shelter, Cutaia does not seek information regarding the affiliates of any such companies.

These clarifications having been made on the record, it is clear that Cutaia is entitled to the identities of all parent or subsidiary entities *of Radius*, or other entities affiliated with Radius in the design, manufacture, assembly, and delivery of the specific underground shelter purchased

by Cutaia. The motion is compel is therefore **GRANTED** as to this issue. Radius shall answer Plaintiff's First Interrogatory 1.6 on or before July 16, 2013.

Finally, Cutaia seeks a privilege log outlining what, if any, documents Radius has withheld on the basis of attorney-client privilege, work-product doctrine, or any other rule of privilege, confidentiality, or immunity provided by law. At the hearing before me on July 2, 2013, counsel for Radius represented on the record that no documents had been withheld on the basis of privilege. As such, no privilege log need be provided and the motion to compel is **DENIED** as to this issue.

Enter: July 5, 2013

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge