**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **RORY J. CUTAIA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 5:11cv00077** |
| | ) | |
| **v.** | ) | |
| | ) | **By:  Michael F. Urbanski** |
| **RADIUS ENGINEERING,** | ) | **United States District Court** |
| **INTERNATIONAL, INC., <u>et al.</u>,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM OPINION**</u>

This case concerns the alleged failure by defendants Radius Engineering International, Inc. ("Radius") and Green Eye Technology, LLC ("Green Eye") to fabricate and install, respectively, a survival shelter on plaintiff Rory J. Cutaia's ("Cutaia") property in Augusta County.  This matter is currently before the court on motions for partial summary judgment filed by Radius and Green Eye (Dkt. # 195 & 196) as to Counts VI, VII, VIII, IX, X, XI, XII, XIII, XIV, and XV of the Second Amended Complaint.

Counts VI and IX were voluntarily dismissed by Cutaia.  Following the hearing held on August 15, 2013, the court by oral order granted in part defendants' summary judgment motions and dismissed Counts VII, VIII, XIV and XV under the Virginia economic loss rule, which bars negligence claims for purely economic losses.  See <u>City of Richmond v. Madison Mgmt. Group, Inc.</u>, 918 F.2d 438, 446-47 (4th Cir. 1990); <u>Sensenbrenner v. Rust, Orling & Neal, Architects, Inc.</u>, 236 Va. 419, 425, 374 S.E.2d 55, 58 (1988).  Defendants' motions for partial summary judgment as to Counts X, XI, XII and XIII, alleging fraud and violations of the Virginia Consumer Protection Act ("VCPA"), remain ripe for adjudication.

For the reasons set forth herein, defendants' motions as to these remaining counts are **GRANTED in part** and **DENIED in part**. The bulk of the representations alleged in Cutaia's claims of fraud in the inducement against Radius and Green Eye are opinions and promises as to future events. As such, they are not actionable as fraud either under the common law or the VCPA. Not all of the representations fall into these categories, however, and certain limited representations allegedly made by both Radius and Green Eye as to past or presently existing facts remain actionable. As such, a narrow fraud and VCPA claim survives summary judgment as to both Radius and Green Eye.

Thus, the jury trial scheduled to begin in this case on October 7, 2013 will proceed on Counts I through V, alleging breach of contract and express and implied warranties against Radius and breach of contract against Green Eye, as well as on the pared down fraud in the inducement claims against Radius and Green Eye under Counts X, XI, XII and XIII, as will be explained below.

## I.

Under Federal Rule of Civil Procedure 56, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Nguyen v. CNA Corp., 44 F.3d 234, 236-37 (4th Cir. 1995). When making this determination, the court should consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . [any] affidavits" filed by the parties. Celotex, 477 U.S. at 322. Whether a fact is material depends on the relevant substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or

unnecessary will not be counted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of

material fact.  Celotex, 477 U.S. at 323; Nguyen, 44 F.3d at 237.  If that burden has been met, the

non-moving party must then come forward and establish the specific material facts in dispute to

survive summary judgment.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

586-87 (1986).  "All reasonable inferences drawn from the evidence must be viewed in the light

most favorable to the party opposing the motion," but "[a] mere scintilla of evidence supporting

a case is insufficient."  Nguyen, 44 F.3d at 237.

## II.  CLAIMS AGAINST RADIUS

### A.  *Count X - Fraud in the Inducement*

Count X alleges fraud in the inducement against Radius.  The specific misrepresentations

alleged in paragraphs 115-122 of the Second Amended Complaint focus on the fiberglass

foundation pan and EMP/HEMP[1] protection.  Paragraphs 116 and 117 concern the fiberglass

foundation pan for the survival shelter.  In paragraph 116, Cutaia alleges that "Radius marketed

and represented to Cutaia that it had designed, engineered, and could manufacture the Ethos

WMD Underground Community, specifically, the fiberglass foundation pan system, in

accordance with contractual specifications and industry standards to provide Cutaia with a

structurally sound, waterproof, and airtight Ethos WMD Underground Community."  In

paragraph 117, Cutaia alleges "[a]t the time Radius made its representations to Cutaia, Radius

knew that it had not, in fact, designed and engineered the fiberglass foundation pan system and

further knew that it had not determined and tested the method by which the trays comprising the

fiberglass pan system would be connected to provide Cutaia with a structurally sound,

---

[1] EMP/HEMP is shorthand for the electromagnetic pulse/high altitude electromagnetic pulse of radiation generated by a nuclear explosion.

waterproof, and airtight Ethos WMD Underground Community."  In paragraph 118, Cutaia

alleges that Radius misrepresented that the Ethos shelter "provided EMP/HEMP protection" in

compliance with certain standards.

The elements of actual fraud and fraudulent inducement are effectively the same.  "To

state a cause of action for fraudulent inducement of contract under Virginia law, a plaintiff must

allege that the defendant made 'misrepresentations [that] were "positive statements of fact, made

for the purpose of procuring the contract; that they are untrue; that they are material; and that the

party to whom they were made relied upon them, and was induced by them to enter into the

contract."'"  Enomoto v. Space Adventures, Ltd., 624 F. Supp. 2d 443, 452 (E.D. Va. 2009)

(quoting Lucas v. Thompson, 61 Va. Cir. 44, 2003 WL 483831 (Va. Cir. Ct. 2003) (quoting

Brame v. Guarantee Fin. Co., 139 Va. 394, 124 S.E. 477 (1924))).

It is well-settled that to be actionable in fraud, an alleged misrepresentation "must be of

an existing fact, and not the mere expression of an opinion."  Cohn v. Knowledge Connections,

Inc., 266 Va. 362, 368, 585 S.E.2d 578, 582 (2003).  "[T]he mere expression of an opinion,

however strong and positive the language may be," is not a statement of present fact.  Mortarino

v. Consultant Eng'g Servs., Inc., 251 Va. 289, 293, 467 S.E.2d 778, 781 (1996).  Although the

rule itself is clear, "[i]t is not always an easy matter to determine whether a given statement is

one of fact or opinion."  Id. at 293, 467 S.E.2d at 781 (quoting Garrett v. Finch, 107 Va. 25, 28,

57 S.E. 604, 605 (1907)).  "Whether a statement is a statement of fact or a statement of opinion

is determined on a case-by-case basis, 'taking into consideration the nature of the representation

and the meaning of the language used as applied to the subject matter and as interpreted by the

surrounding circumstances.'"  Sales v. Kecoughtan Housing Co., Ltd., 279 Va. 475, 481, 690

4

S.E.2d 91 (2010) (quoting Packard Norfolk, Inc. v. Miller, 198 Va. 557, 562, 95 S.E.2d 207 (1956)).

Moreover, "[t]he general rule is that fraud must relate to a present or pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events." Colonial Ford Truck Sales, Inc. v. Schneider, 228 Va. 671, 677, 325 S.E.2d 91, 94 (1985) (quoting Soble v. Herman, 175 Va. 489, 500, 9 S.E.2d 459, 464 (1940)).  As the court noted in Lloyd v. Smith, 150 Va. 132, 145, 142 S.E. 363, 365 (1928):

> Were the general rule otherwise, every breach of contract could be made the basis of an action in tort for fraud.  To permit an action for damages in favor of one who has no other ground for complaint, except an unfulfilled promise . . . , that is upon a broken contract, would ignore essential elementary distinctions, and in effect nullify the statute of frauds.

See also Abi-Najm v. Concord Condominium, LLC, 280 Va. 350, 362-63, 699 S.E.2d 483, 490 (2010); Boykin v. Hermitage Realty, 234 Va. 26, 29, 360 S.E.2d 177, 178 (1987).

Parsing Cutaia's claims of fraud in the inducement against Radius, it is clear that certain assertions are not actionable.  For instance, the allegation in paragraph 116 that Radius "could manufacture the Ethos WMD Underground Community, specifically, the fiberglass foundation pan system, in accordance with contractual specifications and industry standards" is a promise as to the future and is not actionable as fraud in the inducement.  Likewise, Cutaia's claim that Radius' President, Walton McCarthy, told him that Radius' fiberglass structure "would provide protection from electromagnetic pulse," Dep. of Rory J. Cutaia, May 2, 2012, at 26, 153; June 6, 2013, at 117, 123, 148, is a promise as to the future.[2]  See Wal-Mart Stores, Inc. v. J. A. Fielden

---

[2]  To the extent Cutaia's Declaration can be read to assert that McCarthy made representations concerning past or presently existing facts as regards EMP/HEMP protection, see, e.g., Decl. of Rory Cutaia, Dkt. # 205-1, at ¶ 10, this sworn statement cannot be used to contradict Cutaia's deposition testimony, which plainly references promises made by McCarthy as to the future, see e.g., Dep. of Rory J. Cutaia, May 2, 2012, at 26, 153; June 6, 2013, at 117.  "A party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or

Co., Inc., 440 F. Supp. 2d 523, 528-29 (W.D. Va. 2006) (considered in context, a representation that a parking lot could be built on a specific site is predicated on future events and cannot form the basis for a fraud action).  Plainly, the representations asserted by Cutaia concern the attributes of the yet-to-be constructed survival shelter.  As such statements do not concern present or pre-existing facts, but rather are promises as to the future, they are not actionable as fraud in the inducement.

This is not a case like Tate v. Colony House Builders, Inc., 257 Va. 78, 508 S.E.2d 597 (1999), and Packard Norfolk, Inc. v. Miller, 198 Va. 557, 95 S.E.2d 207 (1956), where the Virginia Supreme Court held that statements as to the present quality of a new house and car, respectively, stated claims for fraud.  The new house had been built and the car likewise existed. Thus, the court concluded that representations as to the quality of the house and car were actionable, as they concerned their present condition.  The court reached the same conclusion in RMA Lumber, Inc. v. Pioneer Machinery, LLC, No. 6:08cv00023, 2008 U.S. Dist. LEXIS 86293 (W.D. Va. Oct. 24, 2008), a case concerning representations about the characteristics of an industrial wood grinder manufactured by defendant Pioneer Machinery.  The court denied Pioneer's motion to dismiss, reasoning as follows:

> The representations Pioneer made are not promises to undertake certain actions in the future, as asserted by Pioneer, but were representations of present fact, allegedly false when made, relating to the features and capabilities of the Equipment.  A representation that "the Equipment [as it then existed, without needed and available retrofits,] operate[s] at as high a capacity and speed as any other grinder on the market and significantly higher than the Model 5400 Peterson grinder RMA ha[s] been using" is not a

---

her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity."  Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 806 (1999).  "A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct."  Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984) (citing Radobenko v. Automated Equip. Co., 520 F.2d 540, 544 (9th Cir. 1975)).

> prediction of the future or a promise to perform in the future. It
> does not depend on future events and is not hypothetical.

Id. at *12. Here, in contrast, the alleged statements concern the attributes of a survival shelter which did not yet exist. Such promises as to the future, while actionable under a breach of contract or warranty theory, are not actionable as fraud.

Cutaia alleges that his allegations fall within an exception to the general rule concerning representations as to the future made with the present intention not to keep them. As the Supreme Court explained in Colonial Ford:

> While failure to perform an antecedent promise may constitute
> breach of contract, the breach does not amount to fraud. But the
> promisor's intention—his state of mind—is a matter of fact. When
> he makes the promise, intending not to perform, his promise is a
> misrepresentation of present fact, and if made to induce the
> promisee to act to his detriment, is actionable as an actual fraud.

228 Va. at 677, 325 S.E.2d at 94. This exception has no application in this case as there is no evidence to suggest that at the time Radius made its representation that it could build a survival shelter having certain qualities, it had the present intention not to follow through on its promises. See Richmond Metropolitan Authority v. McDevitt Street Bovis, Inc., 256 Va. 553, 560, 507 S.E.2d 344, 348 (1998) ("Nothing in the record suggests that McDevitt did not intend to fulfill its contractual duties at the time it entered into the Design-Build Contract with RMA.").

One narrow aspect of Cutaia's fraud in the inducement claim against Radius does not suffer from this same infirmity and survives summary judgment. Cutaia claims that McCarthy told him that Radius had "actually manufactured a fiberglass pan," when, in fact, Cutaia claims, Radius had not. Dep. of Rory J. Cutaia, May 2, 2012, at 96-97. This assertion is not a promise as to the future, but rather a statement concerning a past or present fact, upon which Cutaia

claims he relied in entering into the contract.  As such, this narrow fraud in the inducement claim survives summary judgment.

Finally, it is worth noting that this narrow claim for fraud in the inducement survives summary judgment notwithstanding application of the economic loss rule, which precludes Cutaia's negligence claims.  The reason for that is the economic loss rule does not bar claims of fraud in the inducement.  See City of Richmond, 918 F.2d at 447 ("Virginia law 'distinguishes between a statement that is false when made and a promise that becomes false only when the promisor later fails to keep his word.  The former is fraud, the latter is breach of contract.'" (quoting Lissmann v. Hartford Fire Ins. Co., 848 F.2d 50, 53 (4th Cir. 1988)); Barnette v. Brook Road, Inc., 429 F. Supp. 2d 741, 750-51 (E.D. Va. 2006) ("Barnette alleged that Car America made statements that it knew at the time were false in order to induce her to sign a contract to purchase the Galant.  These allegations state a claim for fraud outside of the economic loss rule."); Abi-Najm v. Concord Condominium, LLC, 280 Va. 350, 363, 699 S.E.2d 483, 490 (2010) ("The fraud alleged by the Purchasers was perpetrated by Concord before a contract between the two parties came into existence, therefore it cannot logically follow that the duty Concord allegedly breached was one that finds its source in the Contracts.").

### B.  Count XII – VCPA Claim

Count XII alleges in paragraph 133 that "Radius made material misrepresentations to Cutaia concerning the design, quality, characteristics, uses and benefits of the Ethos WMD Underground Community" in violation of the VCPA.  Count XII does not contain any new alleged misrepresentations.  As such, the court will consider the VCPA claim based on the misrepresentations alleged in Count X.

8

The VCPA makes it unlawful for "a supplier in connection with a consumer transaction" to "[m]isrepresent [ ] that goods or services are of a particular standard, quality, grade, style, or model."  Va. Code Ann. § 59.1-200(A)(6).  "In order to sustain a claim under the VCPA, a plaintiff must prove that the defendant acted with an intent to deceive or otherwise mislead, i.e., with fraudulent intent, as to a material fact on which the plaintiff relied to his detriment and which resulted in measurable damages."  Padin v. Oyster Point Dodge, 397 F. Supp. 2d 712, 722 (E.D. Va. 2005).  The Virginia Supreme Court has made it clear that the same rules apply to a claim of misrepresentation under the VCPA as apply to a fraud claim under the common law.  "Whether a supplier's, or other person's, statement is alleged to have violated a common law or statutory standard, as in this case, 'it is well settled that a misrepresentation, the falsity of which will afford ground for an action in damages, must be of an existing fact, and not the mere expression of an opinion.  The mere expression of an opinion, however strong and positive the language may be, is no fraud.'"  Lambert v. Downtown Garage, Inc., 262 Va. 707, 712, 553 S.E.2d 714, 717 (2001) (quoting Yuzefovsky v. St. John's Wood Apartments, 261 Va. 97, 110-11, 540 S.E.2d 134, 142 (2001), and Saxby v. Southern Land Co., 109 Va. 196,198, 63 S.E. 423, 424 (1909)).  Accordingly, the ruling as to Count X applies with equal force to the VCPA claim in Count XII.

### III.  CLAIMS AGAINST GREEN EYE

#### A.  *Count XI – Fraud in the Inducement Claim*

Count XI alleges fraud in the inducement against Green Eye.  In paragraph 124 of the Second Amended Complaint, Cutaia alleges that "Green Eye represented to Cutaia that it could install the Ethos WMD Underground Community competently, expeditiously, and professionally and in compliance with the specifications, recommendations, requirements and directions of

9

Radius." In paragraph 125, Cutaia alleges that at the time these representations were made, Green Eye knew that it could not install and had no intention of properly installing the survival shelter as "Green Eye knew that the Earthcom Dome 60 was a 'new product' and that Green Eye lacked the knowledge, expertise and experience" to install the survival shelter properly.

The same concerns raised with respect to the fraud claims against Radius bear on the fraud in the inducement and VCPA claims against Green Eye. The allegations raised in paragraph 124 reflect Green Eye's opinion as to its capabilities and are promises as to the future properly addressed under the contract between the parties. While Cutaia alleges that, at the time the representations were made, Green Eye had no present intention of properly installing the survival shelter, the record on summary judgment does not contain any evidence supporting this assertion. As the evidence submitted on summary judgment reveals, problems were encountered during the installation concerning the backfilling of the various underground units, and one of the units – the living pod – sustained damage when a bulldozer drove over it. While these later events certainly lend credence to Cutaia's breach of contract claim, they provide no support for a fraud claim.

As with Radius, a portion of Cutaia's fraud in the inducement claim as to Green Eye survives summary judgment. In paragraph 125 of Count XI, Cutaia alleges that Green Eye knew that it lacked the knowledge, expertise and experience to install the survival shelter. In his deposition testimony, Cutaia states that Green Eye's George Welhaf, Jr. represented to him that Green Eye had installed Radius survival shelters "numerous times, they had a long history of doing it," Dep. of Rory J. Cutaia, June 6, 2013, at 72, and that they had installed a Radius dome before. Dep. of Rory J. Cutaia, May 2, 2012, at 136. Unlike the other allegations of fraud against Green Eye, this representation – as to Green Eye's experience in installing Radius

survival shelters – is not a statement of opinion or a promise as to the future.  It is a statement concerning a past or presently existing fact upon which Cutaia asserts he relied.  As such, Cutaia's allegation as to Green Eye's representation as to its history and experience with Radius survival shelters is actionable fraud in the inducement, and at this stage it appears that material facts exist from which a reasonable jury could find for Cutaia on this narrow claim.  Accordingly, while Green Eye will be granted summary judgment as to the bulk of Cutaia's fraud allegations on the grounds that the statements made are either statements of opinion or promises as to the future, Count XI may proceed to trial on the narrow ground of Green Eye's alleged representation as to its then-existing experience and expertise in installing Radius survival shelters.

### B.  *Count XIII – VCPA Claim*

Count XIII alleges in paragraph 141 that "Green Eye made material misrepresentations to Cutaia regarding alterations, modifications and services related to the installation of the Ethos WMD Underground Community."  In paragraph 142, Cutaia alleges that "Green Eye committed other acts of deception, fraud, false pretense, false promise, and misrepresentations regarding the Ethos WMD Underground Community."  Thus, Count XIII does not contain any new alleged misrepresentations.  As such, the court will consider the VCPA claim based on the misrepresentations alleged in Count XI.

For the same reasons noted above, a related narrow sliver of Cutaia's VCPA claim as to Green Eye survives summary judgment.  In paragraph 142, Cutaia alleges that Green Eye "committed other actions of deception, fraud, false pretense, false promise and misrepresentations regarding the Ethos WMD Underground Community" in violation of Virginia Code § 59.1-200(A)(14).  As with the fraud in the inducement claim, representations by Green

Eye that it had experience in installing Radius' survival shelters are actionable under Virginia Code § 59.1-200(A)(14), and a claim based on this narrow category of alleged misrepresentations will be allowed to proceed to trial under both common law fraud in the inducement and VCPA theories.

## IV.

In sum, the bulk of Cutaia's fraud and VCPA claims against Radius and Green Eye concern opinions and future promises, as opposed to presently existing facts.  As such, they do not state actionable fraud in the inducement claims.  Both under a common law fraud and statutory VCPA theory, however, Cutaia may assert at trial that he relied to his detriment on Radius' representation that it had actually manufactured a fiberglass foundation pan system.  As against Green Eye, Cutaia may assert at trial that he relied to his detriment on Green Eye's representations as to its experience in installing Radius survival shelters.  All other fraud allegations, whether under the common law or the VCPA, are dismissed.  Accordingly, summary judgment is **GRANTED in part** and **DENIED in part** as to Radius on Counts X and XII and to Green Eye on Counts XI and XIII.

An appropriate order will be entered.

Entered:  October 1, 2013

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge